IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Patrick Donovan,<br><br>        Plaintiff,<br>v.<br><br>Ester Labrador, Captain T. Vela, Lieutenant J. Johnson, Sergeant FNU Staten, Officer U. Brown, Officer FNU Johnson, Officer Fleshman, Officer Perkins,<br>        Defendants. | C/A No. 8:24-3512-JFA-WSB<br><br><br>MEMORANDUM, OPINION, AND ORDER |

## I.    INTRODUCTION

Plaintiff Michael Donovan, proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After Plaintiff filed an Amended Complaint, the Magistrate Judge assigned to this action authorized service as to numerous defendants via the United States Marshal Service ("USMS"). Specifically, the USMS attempted to effectuate service on Officer FNU Johnson and Officer Fleshman several times with no success. Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"). (ECF No. 114). Within the Report, the Magistrate Judge opines that Defendants Officer FNU Johnson and Officer Fleshman should be dismissed, without prejudice, from this action. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Plaintiff filed a letter to the court which has been construed as objections to the Report. (ECF No. 123). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150,

2

at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 114). Briefly, Plaintiff failed to respond to several court orders, did not provide additional identifying information for Officer FNU Johnson and Officer Fleshman as directed, and did not provide new service documents for these Defendants in accordance with the Court's Order. As the Magistrate Judge stated, Plaintiff is responsible for finding the appropriate address for serving defendants to allow for service within 90 days pursuant to Federal Rule of Civil Procedure 4(m). Here, Plaintiff has failed to provide the necessary information and has further failed to show the good cause necessary to relieve him of the 90-day deadline.

In apparent response to the Report, Plaintiff issued a letter to the court in which he states:

> I, Plaintiff (Michael Donovan), wishes to apologize to you, and to the court, for not expressing the due diligence to respond in a timely manner concerning order(s)to adequately identify Defendant(s) Justin BL Johnson and Officer Fleshman, and also for failing to provide the court with the appropriate addresses/location(s) of said Defendant(s).
>
> Plaintiff is currently assigned/housed in S.S.R. (substantiated security risk), which is South Carolina's version of "supermax." Plaintiff is only afforded one (1) fifteen (15) minute phone call per week, which Plaintiff has used to try to obtain the location(s) of the unlocated Defendant(s), but Plaintiff lacks the appropriate resources to fulfill such a task. Sorry for taking so long to notify the court.

(ECF No. 123).

Despite Plaintiff's apologies to the court, he has still failed to provide the information necessary to effectuate service. Moreover, Plaintiff's pro se prisoner status does not constitute the good cause needed to extend to 90-day deadline. *See Murdock v. Moore*, C/A No. 5:24-cv-00119-MR-SCR, 2024 WL 5011630, at *2 (W.D.N.C. Dec. 5, 2024). Accordingly, to the extent Plaintiff's letter can be construed as an objection to the Report, it would nonetheless fail. As shown in the Report, the unserved Defendants are subject to dismissal.

### IV.   CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 114). For the reasons discussed above and in the Report, Defendants Officer FNU Johnson and Officer Fleshman are dismissed, without prejudice, from this action. The action continues to be pending against the remaining Defendants that

have been served with the Amended Complaint. Accordingly, this matter is recommitted back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

December 1, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge