IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Patrick Donovan,<br><br>Plaintiff,<br><br>vs.<br><br>Ester Labrador, Captain T. Vela, Lieutenant J. Johnson, Sergeant FNU Staten, Officer U. Brown, and Officer Perkins,<br><br>Defendants. | C/A No. 8:24-cv-3512-JFA-WSB<br><br>**OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Michael Patrick Donovan, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the United States Constitution. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge conducted an initial review of Defendants' Motion for Summary Judgment. (ECF No. 130).

After reviewing the dispositive motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendants' motion should be granted. (ECF No. 145). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff filed objections (ECF No. 147) to which Defendants responded (ECF No. 148). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 145). In short, Plaintiff alleges that Defendants utilized excessive force while Plaintiff was incarcerated. The Report suggests Defendants' motion for summary judgment be granted as Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit.

Much of Plaintiff's filing expresses his general disagreement with the Report and cannot be construed as specific objections. However, the court is able to discern one

specific objection. Plaintiff contends that he did indeed file multiple grievance requests while incarcerated and "[t]herefore, Plaintiff did try to exhaust all available remedies, regardless of all the systemic hindrances Plaintiff has been forced to endure throughout this case." (ECF No. 147, p. 4). Plaintiff avers he was intentionally hindered from meeting SCDC grievance policy requirements. Despite his contentions, Plaintiff fails to submit any evidence or support for his claims. Because Defendants have asserted a motion for summary judgment supported by evidence, Plaintiff must supply more than conclusory allegations or denials to withstand dismissal. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *see also Pronin v. Johnson*, 628 F. App'x 160, 161 (4th Cir. 2015) ("[A] party cannot withstand summary judgment by relying solely on his own self-serving allegations unsupported by any corroborating evidence.") (citation omitted).

Here, Plaintiff avers that he has submitted several grievance forms. The Magistrate Judge agreed but ultimately determined that Plaintiff failed to adhere to the remining portions of the administrative process. Plaintiff offers no evidence to combat this conclusion or show how the Report was in error. Accordingly, Plaintiff's objection must be overruled.

## IV. CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 145). For the reasons discussed above and in the Report, Defendants' Motion for Summary Judgment (ECF Nos. 130) is granted.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

September 21, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge